FILED

6-6-16

SUSIE KRUEGER CLERK

BY _Jami Blaskovich_

DEPUTY CLERK

1   R. J. "JIM" SEWELL, JR.
2   SMITH LAW FIRM, P.C.
    26 West Sixth Ave.
3   P.O. Box 1691
    Helena, MT  59624-1691
4   406 442 2980
5   jim.sewell@smithlawmt.com

6   ATTORNEYS FOR PLAINTIFF

7

8          MONTANA THIRD JUDICIAL DISTRICT COURT, DEER LODGE COUNTY

9                              * * * * * * * * * *

10                                               CV-16-34-BU-BMM-JCL
     INSTANT LEASING, INC. doing business as )
11   Discovery Buick and GMC Trucks,          )
                                              )   Cause No. _DV-16-62_
12                          Plaintiff,        )
13          -vs-                              )        COMPLAINT
                                              )
14   GENERAL MOTORS, LLC, a Delaware Limited )
     Liability Company,                       )
15                          Defendant.        )

16                              * * * * * * * * *

17
           COMES NOW the Plaintiff, INSTANT LEASING, INC. doing business as Discovery Buick
18
19   and GMC Trucks (herein "Discovery") and for its complaint against defendant GENERAL

20   MOTORS, LLC, (herein GM) alleges as follows:

21         1.   Discovery is a Montana corporation with its principal place of business in Anaconda,

22   Montana.  During all times relevant hereto, Discovery engaged in business as an automobile
23
24   dealership offering for sale to the general public new and used motor vehicles and related parts and

25   services.

     - 1 -   COMPLAINT
             11779.2

2. At all times relevant hereto Plaintiff was a "Retailer" within the meaning of Mont. Code Ann. § 30-11-701(6).

3. Defendant GM is a limited liability company with its principal place of business in Detroit, Michigan. GM is primarily engaged in the business of marketing and selling automobiles and parts through a nationwide system of franchised automobile dealers.

4. GM transacts business in Montana, is licensed to do business in, is found in, and has an agent for service in the State of Montana, and is licensed to conduct the business of a distributor pursuant to section 61-4-202 Mont. Code. Ann. References to GM herein include GM officers, agents and employees.

5. Discovery entered into a Sales and Service Agreement with GM whereby Discovery was designated as a GM dealer in Anaconda, Montana.

6. The Sales and Service Agreement between Discovery and GM meets the definition of "Dealership Contract" set forth in Montana Code Annotated 30-11-701(2).

7. Discovery purchased parts, accessories, signage and essential tools from GM and participated in various incentive programs while a GM dealer pursuant to the provisions of the Sales and Service Agreement.

8. Discovery voluntarily terminated the Sales and Service Agreement with GM effective on or about July 27, 2015 when it sold is operating assets to a successor dealer who was issued a Sales and Service Agreement by GM.

- 2 -    COMPLAINT
11779.2

1

2

## COUNT ONE
## BREACH OF CONTRACT

3   9. Under the terms of the Sales and Service Agreement, Paragraphs 15.2.1(a), (b) and (c),

4   GM agreed that it would repurchase all Discovery's signs and essential tools upon Discovery's

5   voluntary termination of the Sales and Service Agreement.

6

7   10. Discovery made written demand on GM to honor its contractual obligations.

8   11.  GM repurchased some essential tools and paid for the same; agreed to repurchase

9   additional essential tools which they have to date failed to pay for and agreed to repurchase some

10  tools which they have to date failed to pay for.

11

12  12. GM breached the Sales and Service Agreement when it refused to repurchase all the

13  aforesaid essential tools from Discovery as required by Paragraphs 15.2.1(a), (b) and (c) of the Sales

14  and Service Agreement.

15  13.  As a result of GM's breach of the Sales and Service Agreement, Discovery suffered

16  damages in an amount to be proven at trial, in the approximate amount of $3,350.70.

17

18  ## COUNT TWO
## VIOLATION OF STATUTORY REPURCHASE REQUIREMENT

19  14. Discovery restates the allegations in paragraphs 1- 8 above, in haec verba.

20  15. The Sales and Service Agreement and GM required Discovery to maintain an inventory

21

22  of GM essential tools.

23  16. Discovery voluntarily terminated its Sales and Service Agreement with GM.

24

25

- 3 -   COMPLAINT
11779.2

1    17. As part of the voluntary termination, Discovery requested, in writing, that GM repurchase

2    its inventory essential tools.

3    18. GM repurchased some, but not all of Discovery's essential tools.

4

5    19. Upon termination of a Sales and Service Agreement by the distributor, manufacturer or

6    dealer, Mont. Code Ann. §30-11-705 requires the distributor to repurchase at 100% of net cost, all

7    new, unused, undamaged and complete inventory items held by the dealer at the time of cancellation.

8    20. GM's failure to repurchase all the qualifying GM essential tools from Discovery was a

9    violation of Mont. Code Ann. §30-11-705.

10

11   21. Discovery suffered damages as a result of GM's statutory violation in an amount to be

12   proven at trial, in the approximate amount of $3,350.70 together with its attorney fees and costs.

13                                  COUNT THREE
14              VIOLATION OF STATUTORY PAYMENT REQUIREMENT

15   22. Discovery restates the allegations in paragraphs 1 - 8 above, in haec verba.

16   23. Under the provisions of Mont. Code Ann. §61-4-204(4) GM is required to pay Discovery

17   all sums due for delivery, preparation, warranty, and recall service, including labor, parts, and other

18   expenses, and claims made for incentives within 30 days of receipt of the claim.
19

20   24. GM has failed and refused to pay Discovery sums due for warranty claims and incentives

21   in the amount approximate amount of $21,918.67.

22   25. Mont. Code Ann. § 61-4-210(3) provides in relevant part as follows:

23
     If any new motor vehicle dealer or transferee of a new motor vehicle dealer incurs
24   pecuniary loss due to a violation of this part by a manufacturer, distributor, importer,
     or factory branch or representative or agent of the listed persons or entities, the new
25

- 4 -   COMPLAINT
        11779.2

motor vehicle dealer or transferee of a new motor vehicle dealer may recover damages in a court of competent jurisdiction *in an amount equal to three times the pecuniary loss, together with costs including reasonable attorney fees*. (emp. supp.)

26. Discovery is entitled to triple damages, attorneys fees and costs in this action pursuant to Mont. Code Ann. § 61-4-210(3).

27. Discovery suffered damages as a result of GM's statutory violation in an amount to be proven at trial,  in the approximate amount of $21,918.67 together with its attorney fees and costs.

WHEREFORE Plaintiff prays for judgment against GM as follows:

1.  For damages for breach of contract and statutory violations all as alleged above and attorney fees in an amount not to exceed $74,999.00.

2.  For its costs of suit.

3.  For  such other and further relief as to the court seems meet and just.

DATED this 1st day of June, 2016.

SMITH LAW FIRM, P.C.

BY: _____
R. J. "JIM" SEWELL, JR.
Attorney at Law

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of 12 persons of all issues triable as of right by jury.

DATED this 1st day of June, 2016.

SMITH LAW FIRM, P.C.

BY: _____
R. L. "JIM" SEWELL, JR.
Attorney at Law

- 6 -   COMPLAINT
11779.2

R:\11799Clnt\11779.2\Complaint.RJS.v2.wpd